WILSON v. TURNER & BROWN.

Petition and summons does not lie on an account stated, and where def. after a long account, the amount of which is added up and stated at the foot in figures, writes opposite the amount, these words: "amount due T. and B. July 25th 1835," and signs his name, it is nothing more than an account stated, and cannot sustain this action.

APPEAL from the circuit court of Howard county.

Opinion of the court delivered by TOMPKINS Judge.

*Statement of the case.*

Brown and Turner brought their suit against Wilson by summons and petition, and having obtained judgment against him in the circuit court, he appeals to this court.

The petition states that the plaintiffs held on the defendant a note, in substance as followeth: "A bill of carpenter's work done by Turner and Brown, on a house situated &c. for William G. Wilson.

W. G. Wilson, to Turner and Brown Dr.

To 960 ft. framing, at 9s. per 100 ft.—$14 40

Here follow many other charges against the defendant, the amount of which after deducting a credit of $52 6¼ is stated at the bottom of the account thus, with the words following written against it.

254 18¼

Amount due Turner and Brown.
(Signed)                    W. G. WILSON.

Yet the said debt (the petition proceeds,) remains unpaid; whereupon they pray judgment for their debt, and damages for the detention of the same &c."

*Opinion of the court.*

The counsel for the petitioners contends that this is a note, and cites Hubbard v. Beckwith, p. 492 1st vol. of Bibb's reports. From that case we learn that on the trial of the case which was in assumpsit the plaintiff offered in evidence a stated account in favor of Beckwith, in which a balance was struck against Hubbard of £67, 10s. 5d. and also another account, which added to the other and summed up, amounted to £137, 12s. 10d.

*Petition and summons does not lie on an account stated, and where def. after a long account, the amount of which is added up and stated at the foot in figures, writes opposite the amount these words: "Amount due T. and*

At the foot of these accounts so summed together, Hubbard signed and sealed a subscription, in these words and figures: "I acknowledge the within account to be just and true as is stated, one hundred and thirty-seven pounds, twelve shillings and ten pence, for value received, as witness my hand &c." The inferior court admitted the account subscribed as above, in evidence. The court of appeals reversed the judgment of the inferior court, deciding that the under written acknowledgment was a specialty and therefore could not be offered to support an

action of assumpsit. This was well done, the acknowledgment written beneath the two accounts was complete within itself, refering certainly to the accounts, but containing within itself the amount of those accounts. But in the case before us, the written acknowledgment is nothing if we separate it from the account stated.— We can see in it nothing to justify us in calling it a note; after the statement of a long account, the amount of which is cast up, and stated at the foot in figures, the defendant writes opposite the amount of the account, these words: "Amount due Turner and Brown, July 25, 1835."

MAY TERM
1836.

(Signed)                    W. G. WILSON.

We see nothing in it but an account stated: on such an account, a suit cannot be brought by summons and petition. The statute gives this action on bonds and notes only.

We are therefore of opinion, that the judgment of the circuit court ought to be reversed.